**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **TROY ANTHONY HARDEN,** | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Case No. 5:13-cv-5 (MTT) |
| | : | |
| Warden **ALLEN CARTER,** | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| _____ | : | |

## RECOMMENDATION

In his federal habeas corpus petition and his numerous supplemental pleadings thereto, Petitioner Troy Anthony Harden challenges one or more aspects of the following four state court criminal adjudications:

(1) On September 9, 2005, Petitioner stipulated that he had violated his probation in the Superior Court of Baldwin County, Case Number 41479, by committing the new criminal offenses of financial identity fraud and theft by receiving stolen property in Hancock County while Petitioner was serving his ten year probated sentence in Baldwin County, Case Number 41479, for one count of theft by conversion, one count of forgery in the first degree, and one count of theft by deception.

(2) On June 22, 2009, Petitioner pled guilty in the Superior Court of Hancock County, Case Number 05-cr-88, to four counts of financial identity fraud and one count of theft by receiving stolen property. The Superior Court of Hancock County sentenced Petitioner to serve a five year probated sentence.

(3) On June 22, 2011, Petitioner's probation in the Superior Court of Baldwin County, Case Number 48204, was modified after Petitioner committed the new criminal offense of theft by conversion, Petitioner failed to report to his probation officer, and Petitioner failed to pay restitution as ordered while Petitioner was serving his four year probated sentence in Case Number 48204 for one count of theft by deception.

(4) Also on June 22, 2011, Petitioner's probation in the Superior Court of Hancock County, Case Number 05-cr-88, was modified after Petitioner committed the new criminal offense of theft by conversion, Petitioner failed to report to his probation officer, and Petitioner failed to pay restitution as ordered while Petitioner was serving his five year probated sentence in Case Number 05-cr-88 for four counts of financial identity fraud and one count of theft by receiving stolen property.

Review of the Court's own records establishes that Petitioner has filed at least three state habeas corpus petitions, two of which addressed his September 9, 2005 probation revocation in Case Number 41479 and one of which addressed his June 22, 2009 guilty plea in Case Number 05-cr-88.[1] Review of the Court's records also establishes that Petitioner has filed at least four federal habeas corpus petitions, two of which addressed his September 9, 2005 probation revocation in Case Number 41479 and two of which addressed aspects of the state court criminal adjudications listed as (1), (2), (3), and (4) in this paragraph. On September 30, 2013, the Court dismissed Petitioner's third federal habeas petition in Harden v. Vaughn, 5:12-cv-218 (MTT).

Presently before the Court is the Motion to Dismiss filed by Respondent Warden Allen Carter. Doc. 8. Respondent argues, *inter alia*, that the Court should dismiss as moot any grounds for relief involving state court criminal adjudication (1) because Petitioner is not incarcerated pursuant to his September 9, 2005 probation revocation, and because Petitioner fails to identify any remaining collateral consequences regarding his expired sentence in Case Number 41479. Respondent also argues that the Court should dismiss as untimely any grounds for relief involving state court criminal adjudication (2) because Petitioner failed to file his third or his fourth federal habeas corpus petitions within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner failed to establish adequate grounds for equitable tolling. Additionally, Respondent argues that the Court should dismiss as unexhausted any grounds for relief involving state court criminal adjudications (3) and (4) because Petitioner did not exhaust his available state court remedies prior to filing his fourth federal habeas corpus petition. Also before the Court is the Motion for Summary Judgment filed by Petitioner. Doc. 12.

---

[1] The Court has authority to take judicial notice of its own records. United States v. Rey, 811 F.2d 1453, 1457, n. 5 (11th Cir. 1987).

For the reasons set forth below, it is **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 8) be **GRANTED** and that Petitioner's Motion for Summary Judgment (Doc. 12) be **DENIED AS MOOT**.

FACTUAL AND PROCEDURAL BACKGROUND

A.  Underlying Criminal Adjudications in State Court

On May 14, 1999, Petitioner pled guilty to one count of theft by conversion, one count of forgery in the first degree, and one count of theft by deception in the Superior Court of Baldwin County, pursuant to Case Number 41479. Doc. 10-13 at 89-91. The Superior Court of Baldwin County sentenced Petitioner to serve a concurrent ten year probated sentence for all three counts. Id. at 91. Before Petitioner's ten year probated sentence in Baldwin County expired on May 13, 2009, Petitioner was arrested in Hancock County and charged with financial identity fraud and theft by receiving stolen property. Doc. 10-5 at 34. Based on these new criminal charges, Petitioner's probation officer filed a petition for probation revocation. Id.

On September 9, 2005, the Superior Court of Baldwin County conducted a probation revocation hearing in Case Number 41479. Doc. 10-15 at 12-101. Petitioner appeared with legal counsel and stipulated that he had violated the terms of his probation in Baldwin County by committing new criminal offenses in Hancock County. Id. Petitioner made this stipulation in accordance with the overall "negotiated solution" reached by Petitioner, his legal counsel, and the assistant district attorney during a break in the hearing. Id. at 96-101. Regarding Case Number 41479, the parties agreed that Petitioner would stipulate to the probation violation in Baldwin County and that Petitioner would serve the remaining balance of his ten year probated sentence, which amounted to approximately three years and eight months, in prison. Id. Regarding the new unnumbered accusation, the parties agreed that Petitioner would plead guilty

to the new criminal charges in Hancock County and that the assistant district attorney would recommend that the Superior Court of Hancock County sentence Petitioner to serve five years on probation. Id. Both the assistant district attorney and Petitioner's legal counsel confirmed that Petitioner would plead guilty to the new criminal charges at a future date in the Superior Court of Hancock County. Id. The Superior Court of Baldwin County ultimately revoked Petitioner's probation and ordered him to "confinement in the state prison system" until Case Number 41479 "ends [on] 5/13/2009." Doc. 10-13 at 63.

On September 14, 2005, Petitioner attempted to plead guilty to the new unnumbered accusation, but the Superior Court of Hancock County refused to accept the proposed terms of the negotiated plea agreement. Doc. 10-5 at 26. Approximately two weeks later, on September 27, 2005, a grand jury in the Superior Court of Hancock County indicted Petitioner on four counts of financial identity fraud and nine counts of theft by receiving stolen property, pursuant to Case Number 05-cr-88. Id. at 37-39. These criminal charges remained pending until Petitioner pled guilty to four counts of financial identity fraud and one count of theft by receiving stolen property on June 22, 2009. Doc. 10-16 at 14-15. The Superior Court of Hancock County sentenced Petitioner to serve a concurrent five year probated sentence for all five counts. Id. The five year probated sentence imposed after Petitioner's June 22, 2009 guilty plea in Case Number 05-cr-88 mirrored the proposed terms discussed by the parties during Petitioner's September 9, 2005 probation revocation in Case Number 41479.

On March 1, 2010, Petitioner pled guilty to one count of theft by deception in the Superior Court of Baldwin County, pursuant to Case Number 48204. Doc. 10-15 at 109-111. The Superior Court of Baldwin County sentenced Petitioner to serve a four year probated sentence. Id. at 111. Petitioner's probation officer subsequently filed a petition for probation modification

in Case Number 05-cr-88 and a petition for probation modification in Case Number 48204. Doc. 10-16 at 29-30; Doc. 10-15 at 113-114. On June 22, 2011, the Superior Court of Hancock County concluded that Petitioner had violated the terms of his probation in Case Number 05-cr-88 and ordered that Petitioner "shall serve 120 days in the Hancock County Jail suspended upon entry into a state probation detention center for the balance of this sentence [that will expire on] 6/21/2014. However, if the fine, fee, and restitution amounts are paid in full prior to entry into the detention center, [Petitioner] shall return to regular probation as originally ordered." Doc. 10-16 at 31. That same day, the Superior Court of Baldwin County concluded that Petitioner had violated the terms of his probation in Case Number 48204 and filed a virtually identical order. Doc. 10-15 at 115. Petitioner currently is incarcerated pursuant to his June 22, 2011 probation revocation in both Case Number 05-cr-88 and Case Number 48204.

B.      Underlying Habeas Corpus Proceedings in State Court

On October 20, 2005, Petitioner executed a habeas corpus petition in the Superior Court of Baldwin County in which he challenged his September 9, 2005 probation revocation in Case Number 41479. Doc. 10-1 at 1-38. In his first state habeas petition, Petitioner listed twenty-six grounds for relief. Id. The state habeas court conducted an evidentiary hearing on February 1, 2006. Id. at 39-40. On December 4, 2006, after reviewing all twenty-six grounds for relief, the state habeas court denied Petitioner's request for habeas corpus relief. Doc. 10-2 at 1-16. The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his first state habeas petition on November 2, 2009. Doc. 10-3.

Before the Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the denial of his first state habeas petition, Petitioner apparently filed a second state habeas corpus petition in the Superior Court of Gwinnett County on April 12, 2007.

Doc. 10-4 at 1-2. In his second state habeas petition, Petitioner again challenged his September 9, 2005 probation revocation in Case Number 41479. Id. On August 14, 2007, the state habeas court dismissed Petitioner's second request for habeas corpus relief as successive. Id. The Georgia Supreme Court denied Petitioner's application for certificate of probable cause to appeal the dismissal of his second state habeas petition on March 3, 2008. Id.

On July 13, 2011, Petitioner executed a third state habeas corpus petition in the Superior Court of Hancock County in which he challenged his June 22, 2009 guilty plea in Case Number 05-cr-88. Doc. 10-10 at 1-7. On August 10, 2011, the state habeas court transferred Petitioner's third state habeas petition to the Superior Court of Emanuel County based on Petitioner's transfer to the Emanuel Detention Center. Doc. 10-11. On May 23, 2012, the state habeas court conducted an evidentiary hearing, and on February 20, 2013, the state habeas court denied Petitioner's third request for habeas corpus relief. Doc. 10-12 at 1-5; Doc. 10-13 at 1-52. There is no evidence in the record that Petitioner applied for a certificate of probable cause to appeal the denial of his third state habeas petition.

C.  Underlying Habeas Corpus Proceedings in Federal Court

On October 10, 2005, Petitioner executed his first 28 U.S.C. § 2254 petition seeking habeas corpus relief based on his September 9, 2005 probation revocation in Case Number 41479. Doc. 1 in Harden v. Massey, 5:05-cv-377 (WDO). Petitioner's first 28 U.S.C. § 2254 petition, which was executed ten days before Petitioner executed his first state habeas petition, was dismissed without prejudice by the Court because Petitioner had failed to exhaust all available remedies in state court prior to filing his first federal habeas petition. Docs. 4, 6 in Harden v. Massey, 5:05-cv-377 (WDO).

6

On November 24, 2008, Petitioner executed his second 28 U.S.C. § 2254 petition seeking habeas corpus relief based on his September 9, 2005 probation revocation in Case Number 41479. Doc. 1 in Harden v. Hunter, 5:08-cv-443 (CAR). The recommendation found that Petitioner was released from prison on November 28, 2007, which was approximately one year and six months before the expiration of his ten year probated sentence. Doc. 33 in Harden v. Hunter, 5:08-cv-443 (CAR). The recommendation also found that although Petitioner requested to be released from prison and parole, Petitioner executed his second 28 U.S.C. § 2254 petition on November 24, 2008, which was approximately one year after he had been released from prison in Case Number 41479.[2] Id. In addition, the recommendation found that Petitioner did not establish any clear violations of his due process rights concerning his September 9, 2005 probation revocation. Id. In its order adopting the recommendation, the Court concluded that Petitioner's second 28 U.S.C. § 2254 petition had been rendered moot because Petitioner's ten year probated sentence had been fully satisfied, and because no collateral consequences remained concerning his September 9, 2005 probation revocation after the May 13, 2009 expiration of his maximum release date. Doc. 35 in Harden v. Hunter, 5:08-cv-443 (CAR). Neither the recommendation nor the order specified whether the dismissal was with or without prejudice. Docs. 33, 35 in Harden v. Hunter, 5:08-cv-443 (CAR).

On June 5, 2012, Petitioner executed his third 28 U.S.C. § 2254 petition seeking habeas corpus relief based on various aspects of state court criminal adjudications (1), (2), (3), and (4). Doc. 1 in Harden v. Vaughn, 5:12-cv-218 (MTT). The recommendation found that it was appropriate to sever and dismiss any grounds for relief involving state court criminal

---

[2] Review of the Court's own records in Petitioner's 2011 case filed under 42 U.S.C. § 1983, which attempted to challenge his September 9, 2005 probation revocation yet again, indicates that Petitioner was arrested on September 18, 2008 and that he remained incarcerated for eight months. Docs. 1, 8 in Harden v. Bright, 5:11-cv-90 (MTT). Petitioner apparently executed his second 28 U.S.C. § 2254 petition during this eight month incarceration.

7

adjudications (2), (3), and (4) in accordance with Rule 2(e) of the Rules Governing Section 2254 Cases because the parties agreed that any grounds for relief involving state court criminal adjudications (2), (3), and (4) should be pursued in a separate federal habeas petition, and because Petitioner had filed a separate, fourth habeas petition while his third federal habeas petition was pending before the Court. Doc. 36 in Harden v. Vaughn, 5:12-cv-218 (MTT). The recommendation also found that it was appropriate to dismiss all of Petitioner's remaining grounds for relief involving state court criminal adjudication (1) because any grounds for relief involving state court criminal adjudication (1) were moot for the same reasons that the Court previously identified in its order and recommendation regarding Petitioner's second 28 U.S.C. § 2254 petition. Id. In order adopting the recommendation, the Court overruled Petitioner's objections and specified that the dismissal was without prejudice. Doc. 38 in Harden v. Vaughn, 5:12-cv-218 (MTT).

On January 7, 2013, Petitioner filed his fourth 28 U.S.C. § 2254 petition seeking habeas corpus relief.[3] Doc. 1. Although Petitioner ostensibly filed his fourth habeas petition based on his June 22, 2009 guilty plea and his June 22, 2011 probation modification in Case Number 05-cr-88 only, in substance, Petitioner's fourth habeas petition is based on various aspects of state court criminal adjudications (1), (2), (3), and (4). Id. On April 2, 2013, prior to the resolution of Petitioner's third federal habeas petition, Respondent filed his answer and motion to dismiss. Docs. 7, 8. Petitioner subsequently filed multiple responses and other pleadings with the Court, including his motion for summary judgment. Docs. 11, 12, 13, 14, 15.

---

[3] Petitioner purportedly executed his fourth 28 U.S.C. § 2254 petition on December 29, 2011. The veracity of this date is suspect for several reasons. For example, when asked whether he had any pending petition or appeal in any court involving the judgment he is now challenging, Petitioner answered "yes" and listed Harden v. Vaughn, 5:12-cv-218 (MTT). Doc. 1 at 12. As the Court previously noted, however, Petitioner executed his third 28 U.S.C. § 2254 petition on June 5, 2012. Doc. 1 in Harden v. Vaughn, 5:12-cv-218 (MTT).

8

DISCUSSION

After carefully reviewing all of the pleadings filed by Petitioner, Petitioner appears to continue his ongoing efforts to challenge, albeit to varying degrees, one or more aspects of the following four state court criminal adjudications: (1) his September 9, 2005 probation revocation in the Superior Court of Baldwin County pursuant to Case Number 41479; (2) his June 22, 2009 guilty plea in the Superior Court of Hancock County pursuant to Case Number 05-cr-88; (3) his June 22, 2011 probation modification in the Superior Court of Baldwin County pursuant to Case Number 48204; and (4) his June 22, 2011 probation modification in the Superior Court of Hancock County pursuant to Case Number 05-cr-88.

Because any grounds for relief involving state court criminal adjudication (1) are moot for the exact same reasons that the Court previously detailed in its orders and recommendations regarding Petitioner's second and third 28 U.S.C. § 2254 petitions, the Court should dismiss as moot all grounds for relief involving state court criminal adjudication (1). Because Petitioner failed to file his third or fourth 28 U.S.C. § 2254 petitions within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner failed to establish adequate grounds for equitable tolling, the Court should dismiss as untimely any grounds for relief involving state court criminal adjudication (2). Because Petitioner did not exhaust his available state court remedies for state court criminal adjudications (3) and (4) prior to filing his fourth 28 U.S.C. § 2254 petition, the Court should dismiss as unexhausted any grounds for relief involving state court criminal adjudications (3) and (4).

1. The Court Should Dismiss All Grounds For Relief Involving State Court Criminal Adjudication (1) Because These Grounds Are Moot.

Because any grounds for relief involving state court criminal adjudication (1) are moot for the exact same reasons that the Court identified in its past orders and recommendations

9

regarding Petitioner's second and third 28 U.S.C. § 2254 petitions, the Court should dismiss as moot all grounds for relief involving state court criminal adjudication (1). As the Court explained in its recommendation regarding Petitioner's third 28 U.S.C. § 2254 petition:

> Petitioner concedes, and the record confirms, that he is no longer "in custody" pursuant to his ten year probated sentence in Case Number 41479, which expired on May 13, 2009. Doc. 14 at 14; Doc. 28-1 at 4, 18, 26, 30-31; Doc. 31 at 1; Doc. 31-1 at 16. As such, when Petitioner executed his third 28 U.S.C. § 2254 petition on June 5, 2012, the ten year probated sentence arising out of his May 14, 1999 guilty plea to one count of theft by conversion, one count of forgery in the first degree, and one count of theft by deception and his September 9, 2005 probation revocation for committing new criminal offenses in Case Number 41479 had been fully satisfied for more than three years based on the undisputed maximum release date of May 13, 2009. Petitioner, therefore, does not satisfy the "in custody" requirement of the federal habeas statute. See Maleng v. Cook, 490 U.S. 488, 491 (1989) (rejecting the argument that the petitioner may be "in custody" under prior conviction when the sentence imposed for the prior conviction is fully expired at the time the habeas petition is filed).
>
> Petitioner also fails to establish that the remaining grounds for relief involving his September 9, 2005 probation revocation in Case Number 41479 as set forth in his third 28 U.S.C. § 2254 petition "still present[] a case or controversy under Article III, Section 2, of the United States Constitution, and therefore [are] not moot." Mattern v. Secretary for Department of Corrections, 494 F.3d 1282, 1285 (11th Cir. 2007), citing Spencer v. Kemna, 523 U.S. 1, 7 (1998). Generally speaking, "[o]nce the convict's sentence has expired [...] some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit [challenging the validity of the conviction] is to be maintained." Spencer, 523 U.S. at 7. Where, as here, the only remaining grounds for relief involve Petitioner's September 9, 2005 probation revocation, Petitioner must demonstrate that his long since expired ten year probated sentence continues to have collateral consequences. Id. at 7-14. Because Petitioner does not identify, let alone establish, that any collateral consequences continued to exist after the expiration of his maximum release date, all of Petitioner's remaining grounds for relief involving state court criminal adjudication (1) have been rendered moot. In other words, the Court cannot provide any meaningful relief to Petitioner with regard to any past, present, or future grounds for relief concerning his September 9, 2005 probation revocation in Case Number 41479 because federal courts simply are not "in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." Id. at 18.
>
> [Doc. 36 in Harden v. Vaughn, 5:12-cv-218 (MTT).]

10

In this case, Petitioner does not advance any new arguments about mootness. Accordingly, it is appropriate to dismiss as moot all grounds for relief involving state court criminal adjudication (1) in Petitioner's fourth 28 U.S.C. § 2254 petition for the exact same reasons that the Court identified in its previous orders and recommendations regarding Petitioner's second and third 28 U.S.C. § 2254 petitions.

2. The Court Should Dismiss All Grounds For Relief Involving State Court Criminal Adjudication (2) Because These Grounds Are Untimely.

Because Petitioner failed to file his third or fourth 28 U.S.C. § 2254 petitions within the one-year limitations period set forth in 28 U.S.C. § 2244(d)(1)(A), and because Petitioner failed to establish adequate grounds for equitable tolling, the Court should dismiss as untimely any grounds for relief involving state court criminal adjudication (2). The Antiterrorism and Effective Death Penalty Act (AEDPA) "imposes a one-year statute of limitations on all federal habeas corpus petitions." San Martin v. McNeil, 633 F.3d 1257, 1265 (11th Cir. 2011). Under the AEDPA, a petitioner who is seeking a federal writ of habeas corpus must file his petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[4]

When a judgment becomes "final" under 28 U.S.C. § 2244(d)(1)(A) depends on whether a petitioner pursues or forgoes a direct appeal to the United States Supreme Court. Gonzalez v. Thaler, 132 S.Ct. 641, 653 (2012). For those petitioners who pursue a direct appeal to the United States Supreme Court, "the judgment becomes final at the 'conclusion of direct review'—when [the United States Supreme Court] affirms a conviction on the merits or denies a petition for certiorari." Id. For all other petitioners, "the judgment becomes final at the 'expiration of the

---

[4] The one-year limitations period may be triggered by other events described in 28 U.S.C § 2244(d)(1)(B)-(D); however, none of those grounds are applicable in this case.

time for seeking such review'—when the time for pursuing direct review in [the United States Supreme Court], or in state court, expires." Id. at 653-654.

In this case, Petitioner never pursued a direct appeal of his June 22, 2009 guilty plea in the Superior Court of Hancock County pursuant to Case Number 05-cr-88. Because Petitioner did not pursue direct review all the way to the United States Supreme Court, his conviction became final when his time for seeking direct review expired. As Petitioner did not directly appeal, his time to seek direct review expired thirty days after he entered his guilty plea. See O.C.G.A. § 5-6-38 (stating that notice of appeal must be filed within thirty days). Petitioner's conviction therefore became final on July 22, 2009. Because Petitioner's conviction became final on July 22, 2009, Petitioner had until July 22, 2010 to file his third or fourth 28 U.S.C. § 2254 petitions in this Court. Even so, Petitioner did not execute his third 28 U.S.C. § 2254 petition until June 5, 2012, and Petitioner did not execute his fourth 28 U.S.C. § 2254 petition until December 29, 2011,[5] both of which were more than one year after the limitations period had expired. Accordingly, the record establishes that Petitioner failed to file his third or fourth 28 U.S.C. § 2254 petitions within the one-year limitations period of 28 U.S.C. § 2244(d)(1)(A).

The record also establishes that Petitioner did not submit "a properly filed application for State post-conviction or other collateral review" in order to toll the one-year limitations period. 28 U.S.C. § 2244(d)(2); see also Hutchinson v. Florida, 677 F.3d 1097, 1098 (11th Cir. 2012) ("In order for the Section 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run."). Petitioner did not file any type of application for state post-conviction or other collateral review

---

[5] As previously discussed, the veracity of December 29, 2011 as the date of execution of Petitioner's fourth 28 U.S.C. § 2254 petition is inherently suspect, but regardless of whether the Court uses the date of execution of December 29, 2011 or the date of filing of January 7, 2013, Petitioner's fourth 28 U.S.C. § 2254 was untimely filed.

12

of his June 22, 2009 guilty plea in Case Number 05-cr-88 until Petitioner executed his third state habeas corpus petition in the Superior Court of Hancock County on July 13, 2011. Critically, however, the one-year limitations period for filing his federal habeas corpus petition had elapsed on July 22, 2010. Therefore, by the time Petitioner submitted any type of application for state post-conviction or other collateral review, the one-year limitations period for filing his federal habeas corpus petition had long since expired, meaning that there was no time left to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004), citing Moore v. Crosby, 321 F.3d 1377, 1381 (11th Cir. 2003) ("Once a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.").

In addition to the statutory tolling provided in 28 U.S.C. § 2244(d)(2), the AEDPA's one-year limitation period is subject to equitable tolling in certain extraordinary cases. See generally Holland v. Florida, 130 S.Ct. 2549 (2010). A petitioner seeking federal habeas corpus relief in the Eleventh Circuit is entitled to equitable tolling only if he establishes: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Hutchinson, 677 F.3d at 1100, quoting Holland, 130 S.Ct at 2562 (quotation marks omitted). Petitioner bears the burden of showing that equitable tolling applies. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002). If Petitioner makes no effort to demonstrate that he meets the necessary criteria, he is ineligible for equitable tolling. Sibley, 377 F.3d at 1204. In this case, Petitioner has made no effort to demonstrate that he is entitled to equitable tolling of the one-year limitations period. Petitioner has failed to plead or proffer sufficient facts to show that he exercised "reasonable diligence" in pursuing his rights or that some "extraordinary circumstance" stood in his way. San Martin, 633 F.3d at 1267. Consequently, the record establishes that Petitioner has not shown adequate grounds for equitable tolling.

3. <u>The Court Should Dismiss All Grounds For Relief Involving State Court Criminal Adjudications (3) and (4) Because These Grounds Are Unexhausted</u>.

Because Petitioner did not exhaust his available state court remedies involving state court criminal adjudications (3) and (4) prior to filing his fourth 28 U.S.C. § 2254 petition, the Court should dismiss as unexhausted any grounds for relief involving state court criminal adjudications (3) and (4). It is well-established that "a state prisoner must normally exhaust available state judicial remedies before a federal court will entertain his petition for habeas corpus." <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971), citing <u>Ex Parte Royall</u>, 117 U.S. 241 (1886). Stated another way, state prisoners seeking habeas corpus relief in federal court are required to exhaust any available state court remedies before presenting their claims in federal court. <u>See</u> 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that [ ... ] the applicant has exhausted the remedies available in the courts of the State."); <u>see also</u> 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").

The exhaustion requirement reflects a policy of comity between state and federal courts. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>see also</u> <u>Horowitz v. Wainwright</u>, 709 F.2d 1403, 1404 (11th Cir. 1983). It is "an accommodation of our federal system designed to give the state an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." <u>Wilwording v. Swenson</u>, 404 U.S. 249, 250 (1971), quoting <u>Fay v. Noia</u>, 372 U.S. 391, 438 (1963). Moreover, the exhaustion requirement is designed to minimize friction between the state and federal courts. "An exception is made only if there is no opportunity to

obtain redress in state court or if the corrective process is so clearly deficient as to render futile an effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

In this case, Petitioner has not yet exhausted his available state court remedies involving state court criminal adjudications (3) and (4) because Petitioner did not pursue a fourth state habeas corpus petition to challenge either his June 22, 2011 probation modification in the Superior Court of Baldwin County pursuant to Case Number 48204 or his June 22, 2011 probation modification in the Superior Court of Hancock County pursuant to Case Number 05-cr-88 in Georgia state courts. As such, there is no basis to conclude that Petitioner "exhaust[ed] all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion" before he executed his fourth 28 U.S.C. § 2254 petition. Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). Further, Petitioner does not argue, and there is no basis in the record to conclude that "there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Consequently, further consideration of any grounds for relief involving state court criminal adjudications (3) and (4) at this time would be premature.

## CONCLUSION

For the above-stated reasons, it is hereby **RECOMMENDED** that Respondent's Motion to Dismiss (Doc. 8) be **GRANTED** and that Petitioner's Motion for Summary Judgment (Doc. 12) be **DENIED AS MOOT**.

In accordance with the requirements of Rule 11(a) of the Rules Governing Section 2254 Cases, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-484 (2000)

(explaining how to satisfy this showing) (citation omitted). Accordingly, it is **FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final Order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 11th day of February, 2014.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge
